KEITHLEY v. WARD. (No. 1035.)

(Court of Civil Appeals of Texas. El Paso. Dec. 18, 1919. Rehearing Denied Jan. 22, 1920.)

1. BROKERS ⊂⟐82(4)—EVIDENCE IN BROKER'S ACTION FOR COMMISSION NOT SHOWING VARIANCE AS TO DEFENDANT'S OBLIGATION.

In a real estate agent's action for a commission, alleging a contract whereby defendants jointly contracted to pay a commission for the sale of land, wherein the court found on sufficient evidence that defendants had listed the land and agreed to pay a commission as alleged, there was no variance on the ground that the evidence showed a several obligation by each defendant to pay a commission on his part of the land.

2. BROKERS ⊂⟐74—JOINT OWNERS MAY JOINTLY CONTRACT TO PAY A COMMISSION.

The fact that two defendants severally owned different sections constituting a range did not preclude them from jointly obligating themselves for the payment of a commission upon the entire purchase price.

Appeal from District Court, Ward County; Chas. Gibbs, Judge.

Action by S. W. Ward against J. M. Keithley and Sam Keithley. Defendant Sam Keithley was discharged, and there was judgment for plaintiff against J. M. Keithley, and he appeals. Affirmed.

Jno. B. Howard and Clay Cooke, both of Pecos, for appellant.

Jno. H. Boogher, of Grandfalls, for appellee.

HIGGINS, J. Appellee, Ward, a real estate agent, sued the appellant, J. M. Keithley, and Sam Keithley, alleging that defendants listed with him for sale a 15-section ranch, agreeing and contracting with plaintiff to pay a commission of 5 per cent. in case of sale; that he made the sale whereby defendants became indebted and promised to pay him his commission, which amounted to $1,454.15. A credit of $743.50 was admitted, and recovery of the balance of $710.65 was sought against both defendants. The evidence disclosed that 11 sections of the land belonged to J. M. Keithley and four sections to Sam Keithley. The court found that the Keithleys listed the lands for sale with plaintiff, and promised to pay him a commission of 5 per cent. in case of sale, and that sale was made as pleaded. Upon trial Sam Keithley was discharged, and Ward recovered judgment against J. M. Keithley for $514.60, the unpaid balance due as commission upon the unpaid purchase money due the state upon the 11 sections owned by J. M. Keithley, the payment of which was assumed by the purchaser.

Opinion.

[1, 2] The first and second assignments relate to the same proposition, namely, that there was a variance between the pleadings and the evidence, in that the petition alleges a contract whereby the Keithleys jointly contracted and obligated themselves to pay a commission for the sale of the land, whereas the evidence showed a several obligation on the part of J. M. Keithley to pay a commission upon the purchase price of his 11 sections only, and a like obligation on the part

———

of Sam Keithley to pay the commission upon the purchase price of his four sections only.

The court found that the Keithleys had listed the land with plaintiff, and agreed to pay a commission as alleged, and the evidence is sufficient to warrant this finding. The testimony of Ward is sufficient to show a joint obligation on the part of both defendants to pay a commission upon the purchase price of the whole 15 sections, and supports the trial court's finding. There was thus no variance, and under the evidence and findings a judgment for more than was awarded would have been warranted against both defendants jointly. No complaint, however, is made of the failure to render judgment against Sam Keithley. The fact that the defendants severally owned different sections constituting the ranch did not preclude them from jointly obligating and binding themselves for the payment of a commission upon the entire purchase price, and, as indicated, we think the evidence sufficient to support the trial court's finding of a contract made as alleged in the petition.

The other assignments are without merit.

The exact acreage of the land sold becomes immaterial, in view of the fact that the testimony of Ward definitely shows the balance due to state, and assumed by the purchaser, to be $14,083.

The evidence supports the court's finding, which is complained of in the sixth assignment.

Affirmed.